**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*, ) | |
| ) | Case No. 23-10253 (KBO) |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | |
| GEORGE MILLER, Chapter 7 Trustee ) | |
| of the bankruptcy estates of Akorn Holding ) | |
| Company LLC, *et al.*, ) | |
| ) | Adv. Proc. No. 25-50250 (KBO) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL COMPLIANCE SOLUTIONS LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

The Defendant, Federal Compliance Solutions LLC ("**FCS**"), by its undersigned counsel, hereby answers the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "**Complaint**") filed by the Plaintiff, George Miller, Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates of Akorn Holding Company LLC, *et al.* (collectively, the "**Debtors**"), as follows:

### Response to Allegations of Complaint

### Nature of Action

1. The statement in paragraph 1 of the Complaint, which describes certain of the relief sought by the Trustee in this adversary proceeding, requires no responsive pleading. To the extent any responsive pleading is required, FCS denies that the Trustee is entitled to any of the relief sought.

2. The statement in paragraph 2 of the Complaint, which describes certain of the relief sought by the Trustee in this adversary proceeding, requires no responsive pleading. To the extent any responsive pleading is required, FCS denies that the Trustee is entitled to any of the relief sought.

### Jurisdiction and Venue

3. The allegations in paragraph 3 of the Complaint are admitted.

4. The allegations in paragraph 4 of the Complaint are admitted.

5. The statement in paragraph 5 of the Complaint, by which the Trustee consents to the entry of final orders or judgments by the Bankruptcy Court, requires no responsive pleading.

6. The allegations in paragraph 4 of the Complaint are admitted.

7. The allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required.

8. The allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.

### The Parties

9. The allegations in paragraph 9 of the Complaint are admitted.

10. The allegations in paragraph 10 of the Complaint are admitted.

11. The allegations in paragraph 11 of the Complaint are admitted in part and denied in part. FCS admits only that it provided goods and/or services to one or more of the Debtors prior to the Petition Date. The remaining allegations in paragraph 11 of the Complaint are denied.

### Background

12. The allegations in paragraph 12 of the Complaint are admitted.

13. The allegations in paragraph 13 of the Complaint are admitted.

14. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint; accordingly, such allegations are denied.

15. The allegations in paragraph 15 of the Complaint are admitted in part and denied in part. FCS admits only the allegations in the first and second sentences of paragraph 15 of the Complaint. The remaining allegations in paragraph 15 of the Complaint purport to characterize, paraphrase and/or interpret writings that speak for themselves. To the extent such allegations do not accurately characterize, paraphrase and/or interpret the writings, such allegations are denied.

16. The allegations in paragraph 16 of the Complaint are admitted in part and denied in part. FCS admits only that: (a) the Debtors made one or more transfers to FCS during the Preference Period (as such term is defined in the Complaint); and (b) the transfers were for goods or services provided by FCS and were made pursuant to invoices or statements submitted by FCS. The remaining allegations in paragraph 16 of the Complaint are denied.

17. The allegations in paragraph 17 of the Complaint are admitted in part and denied in part. FCS admits only that, in December 2024, the Trustee, through counsel, sent a letter to FCS. The remaining allegations in paragraph 17 of the Complaint purport to characterize, paraphrase and/or interpret writings that speak for themselves. To the extent such allegations do not accurately characterize, paraphrase and/or interpret the writings, such allegations are denied.

18. The allegations in paragraph 18 of the Complaint purport to characterize, paraphrase and/or interpret writings that speak for themselves. To the extent such allegations do not accurately characterize, paraphrase and/or interpret the writings, such allegations are denied.

19. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint; accordingly, such allegations are denied.

20. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint; accordingly, such allegations are denied.

21. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint; accordingly, such allegations are denied.

22. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint; accordingly, such allegations are denied.

23. The allegations in paragraph 23 of the Complaint are admitted.

24. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint; accordingly, such allegations are denied.

**Count I**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25. The statement in paragraph 25 of the Complaint requires no response. To the extent any response is required, FCS incorporates by reference its responses to paragraphs 1 through 24 of the Complaint.

26. The allegations in paragraph 26 of the Complaint are denied.

27. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint; accordingly, such allegations are denied.

28. The allegations in paragraph 28 of the Complaint are denied.

29. The allegations in paragraph 29 of the Complaint are denied.

30. The allegations in paragraph 30 of the Complaint are denied.

31. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Complaint; accordingly, such allegations are denied.

32. The allegations in paragraph 32 of the Complaint are admitted.

33. FCS lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint; accordingly, such allegations are denied.

34. The allegations in paragraph 34 of the Complaint are admitted in part and denied in part. FCS admits only that: (a) the Trustee issued a demand letter before filing the Complaint; and (b) FCS has not remitted the amount of the Transfers to the Trustee. FCS lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 34 of the Complaint; accordingly, such allegations are denied.

35. The allegations in paragraph 35 of the Complaint are denied.

## Count II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36. The statement in paragraph 36 of the Complaint requires no response. To the extent any response is required, FCS incorporates by reference its responses to paragraphs 1 through 35 of the Complaint.

37. The allegations in paragraph 37 of the Complaint are denied.

38. The allegations in paragraph 38 of the Complaint are denied.

## Count III
### (Recovery of Property – 11 U.S.C. § 550)

39. The statement in paragraph 39 of the Complaint requires no response. To the extent any response is required, FCS incorporates by reference its responses to paragraphs 1 through 38 of the Complaint.

40. The allegations in paragraph 40 of the Complaint are denied.

41. The allegations in paragraph 41 of the Complaint are denied.

42. The allegations in paragraph 42 of the Complaint are denied.

1619199889.2

## Count IV
## (Disallowance of Claims – 11 U.S.C. § 502)

43. The statement in paragraph 43 of the Complaint requires no response. To the extent any response is required, FCS incorporates by reference its responses to paragraphs 1 through 42 of the Complaint.

44. The allegations in paragraph 44 of the Complaint are denied.

45. The allegations in paragraph 45 of the Complaint are admitted in part and denied in part. FCS admits only that it has not paid the amount of the Transfers to the Trustee, and it denies any obligation to do so. The remaining allegations in paragraph 45 of the Complaint are denied.

46. The allegations in paragraph 46 of the Complaint are denied. Further, FCS states that it has not asserted any claim in the Debtors' bankruptcy cases.

47. To the extent any allegation in the Complaint has not been specifically admitted or denied, including without limitation any allegation in the introductory paragraph and/or in the prayer for relief section of the Complaint, it is hereby denied.

## General Denial and Defenses

FCS generally denies any liability to the Trustee. In addition, without admitting that it bears the burden of proof, persuasion or production with respect to any issue, FCS asserts the following defenses:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

All or some of the transfers identified in the Complaint were intended by the Debtors and FCS, and in fact were, contemporaneous exchanges for new value provided to the Debtors.

1619199889.2

### Third Defense

All or some of the transfers identified in the Complaint were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the parties, were made in the ordinary course of business or financial affairs of the parties, and were made according to ordinary business terms.

### Fourth Defense

Following all or some of the transfers identified in the Complaint, FCS gave new value to or for the benefit of the Debtors, which new value was not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of FCS.

### Fifth Defense

Certain of the transfers identified in the Complaint were prepayments for services rendered and/or goods provided by FCS after receipt of the transfers.

### Sixth Defense

FCS acted at all times reasonably, in good faith and in accordance with its contractual and legal obligations.

### Seventh Defense

The transfers identified in the Complaint are not avoidable under 11 U.S.C. § 548(a)(1)(B) because FCS provided, and the Debtors received, reasonably equivalent value in exchange for each of the transfers.

### Eighth Defense

The claims asserted in the Complaint are barred by the doctrines of estoppel, waiver and/or unclean hands.

### Ninth Defense

The claims asserted in the Complaint are barred or reduced by setoff, recoupment, reduction and/or credit.

### Tenth Defense

The Trustee is not entitled to any award of pre-judgment interest under the facts and equities of this case.

### Statement Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)

FCS consents to the entry of final orders or judgment by the Bankruptcy Court in this adversary proceeding if it is later determined that the Bankruptcy Court, absent consent of the parties, does not have authority to enter final orders or judgment consistent with Article III of the United States Constitution.

### Reservation of Rights

FCS reserves the right to amend this answer as additional facts are obtained through further investigation and discovery. In addition, to the extent any amount is recovered by the Trustee, FCS reserves the right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

### Request for Relief

WHEREFORE, FCS respectfully requests that the Court (i) enter judgment in favor of FCS and against the Trustee, (ii) award FCS its costs and expenses, and (iii) grant FCS such other and further relief as is just and appropriate under the circumstances.

*[Signature Page Follows]*

| | |
|---|---|
| Dated: July 17, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>  /s/ Stuart M. Brown<br>Stuart M. Brown (DE Bar No. 4050)<br>Roxanne M. Eastes (DE Bar No. 6654)<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>Email:  stuart.brown@us.dlapiper.com<br>             roxanne.eastes@us.dlapiper.com<br><br>- and -<br><br>C. Kevin Kobbe (admission *pro hac vice* pending)<br>650 South Exeter Street, Suite 1100<br>Baltimore, Maryland 21202<br>Telephone: (410) 580-4189<br>Facsimile: (410) 580-3189<br>Email: kevin.kobbe@us.dlapiper.com<br><br>*Counsel for Federal Compliance Solutions LLC* |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, on this 17th day of July, 2025, the foregoing *Answer* was electronically filed via the Court's CM-ECF system, which sent notification to all parties registered in this adversary proceeding to receive notice through the Court's CM/ECF system.

                                       /s/ Stuart M. Brown
                                       Stuart M. Brown