**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| | |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| Debtors. | **Related D.I.: 1563 & 1568** |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | Adv. Proc. No. 25-50222 (KBO) |
| v. | |
| VEOLIA ES TECHNICAL SOLUTIONS, | |
| Defendant. | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | Adv. Proc. No. 25-50258 (KBO) |
| v. | |
| BERLIN PACKAGING, LLC, | |
| Defendant. | |

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

-2-

| | |
|---|---|
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COMPLIANCE SOLUTIONS, LLC,<br><br>Defendant. | Adv. Proc. No. 25-50250 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>COLBERT PACKAGING CORPORATION,<br><br>Defendant. | Adv. Proc. No. 25-50129 (KBO) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>FLAVINE NORTH AMERICA, INC.<br><br>Defendant. | Adv. Proc. No. 25-50095 (KBO) |

**ORDER APPROVING THE SETTLEMENTS BETWEEN (I) THE TRUSTEE AND VEOLIA ES TECHNICAL SOLUTIONS LLC, (II) THE TRUSTEE AND BERLIN PACKAGING, LLC, (III) THE TRUSTEE AND FEDERAL COMPLIANCE SOLUTIONS, LLC, (IV) THE TRUSTEE AND COLBERT PACKAGING CORPORATION AND (V) THE TRUSTEE AND FLAVINE NORTH AMERICA, INC.**

57461193.2 03/17/2026

Upon consideration of the *Motion for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving the Settlements Between the Trustee and Veolia ES Technical Solutions LLC, Between the Trustee and Berlin Packaging, LLC, Between the Trustee and Federal Compliance Solutions, LLC, Between the Trustee and Colbert Packaging Corporation, and Between the Trustee and Flavine North America, Inc..* (the "Motion")[2] filed by George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (the "Debtors"); and the Court finding that it has jurisdiction over this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED**:

1.      The Motion is GRANTED as set forth herein.

---

[2] Capitalized terms used but not defined herein are defined in the Motion.

57461193.2 03/17/2026

2.      The Settlement Agreements, attached to the Motion as **Exhibit B**, **Exhibit C,** **Exhibit D,** **Exhibit E,** **and** **Exhibit F** are hereby approved.

3.      For the avoidance of doubt, the Trustee is authorized to enter into and take all actions necessary to effectuate the Settlement Agreements and the relief granted pursuant to this Order, including reissuing a check in the amount of $178,393.84 for an administrative payment that was previously paid but never cashed by Berlin.

4.      This Order is effective immediately upon entry, notwithstanding anything to the contrary in the Bankruptcy Rules or the Local Rules.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Dated: March 17th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**

57461193.2 03/17/2026